UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONZCILLE JOHNSON,
      Plaintiff,                            Case No. 12-10513

v.                                   Honorable Patrick J. Duggan

TROTT & TROTT and JP MORGAN
CHASE,
      Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 2, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On February 6, 2012, Vonzcille Johnson ("Plaintiff") filed this *pro se* action alleging

misconduct in the administration of a mortgage loan.  The defendants are Trott & Trott,

P.C. ("Trott") and JPMorgan Chase Bank, N.A. ("Chase").  Trott and Chase have filed

motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), and these motions are presently before the Court.  The Court is

dispensing with oral argument pursuant to Eastern District of Michigan Local Rule

7.1(f)(2), and for reasons set forth below, grants these motions.

## I. Background

On March 10, 2004, Plaintiff obtained a loan of $115,000 from Fremont Investment

& Loan ("Fremont"), executing a promissory note in this amount as well as a mortgage on

a home located in Detroit, Michigan.  According to Plaintiff, this transaction refinanced an

existing mortgage loan.  *See* Pl.'s Resp. Br. 1.

Plaintiff's loan was apparently sold by Fremont as part of a loan securitization.  The loan was serviced by EMC Mortgage Corporation, which was later acquired by Chase.  At some point, Plaintiff failed to make the scheduled loan payments, and late charges began accruing.

During May 2011, Plaintiff allegedly discussed a potential loan modification with a Chase representative.  Am. Compl. at 2.[1]  Plaintiff asserts that during a three-month trial loan modification period, her payments were to be reduced from $748.51 to $537.80.  *Id.*  On September 24, 2011, Plaintiff sent a letter titled "Qualified Written Request" to Chase, "disputing the validity of [the] debt and requesting the original note."  Am. Compl. Ex. A.  In this letter, she also requested the identity of the lender that owned her loan.  Plaintiff's letter referred to an earlier request for information that had not been resolved, indicating that this failure constituted a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.  Finally, her letter indicated that if her requests were not answered within 20 days, she would consider this "acceptance in tender of this debt in accordance with Public Law 72.10 HJR 192," and "the account will be deemed satisfied."  Am. Compl. Ex. A.  Plaintiff received a number of letters from Chase between June and December 2011 indicating that additional time was needed to research her request.

On October 30, 2011, Plaintiff received a letter from Chase informing her that she

---

[1] As the Amended Complaint does not include numbered paragraphs, the Court refers to the number of the page containing the relevant allegations.  The Court also notes that the Amended Complaint does not contain pages numbered 5 through 8, and skips directly to page 9.

was eligible for a Home Affordable Modification.  *See* Pl.'s Resp. Br. Ex. 6.  The letter explained that to accept the offer, Plaintiff was required to make her trial modification period payments on time.

On January 23, 2012, Plaintiff discovered a notice posted on the door of her home, explaining that it was important that she call Chase.  Plaintiff called Chase, and was told that Chase had requested that Trott institute proceedings to foreclose on the mortgage.  A sale was allegedly scheduled for February 29, 2012.

Plaintiff responded by filing this action on February 6, 2012.  Chase moved for a more definite statement of the claim, and on May 10, 2012, Magistrate Judge Mark A. Randon granted this motion, directing Plaintiff to file an Amended Complaint by June 1, 2012.  Plaintiff filed her Amended Complaint on May 31, 2012.  Now Trott and Chase have moved to dismiss the Complaint pursuant to Rule 12(b)(6).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Chase's Motion to Dismiss

Chase argues that the Amended Complaint should be dismissed for failure to comply with Rule 8, which requires a "short and plain" statement of the claim, and Rule 10, which requires a party to state its claims in numbered paragraphs. Chase contends that Plaintiff

4

was specifically directed to follow these rules, but failed to do so.

The Amended Complaint is written primarily in narrative format. It is confusing and at times difficult to follow because it alternates between questions, factual assertions, and legal conclusions. Yet the Court is mindful of its obligation to construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). Although this obligation is not limitless, the Court believes that the interests of justice require it to consider any claims that may be reasonably discerned from Plaintiff's pleading. The Court believes that Plaintiff has raised the following claims: violation of RESPA; fraud; breach of contract; lack of standing to foreclose on the mortgage; and a challenge to the validity of the debt. The Court shall address each of these claims in turn.

**A. RESPA Violation**

The Amended Complaint asserts that Chase violated RESPA by failing to properly respond to a qualified written request ("QWR"). *See* Am. Compl. at 2. If true, this would constitute a violation of 12 U.S.C. § 2605(e). To assert a claim under § 2605(e), however, a plaintiff must allege actual damages resulting from the violation.[2] *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011); *see also Battah v. Resmae Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 795-96 (E.D. Mich. 2010). The Amended Complaint does not allege facts from which the Court can infer that Plaintiff was actually harmed by Chase's failure

---

[2] Plaintiffs may alternatively show a "pattern or practice of noncompliance" with RESPA requirements, *see* § 2605(f)(1)(B), but Plaintiff has not made such allegations here.

to respond.  Plaintiff's QWR sought, among other things, proof that she actually owed the debt in question.  *See* Compl. Ex. A.  Chase later notified Plaintiff that it believed that the debt was valid and legally enforceable.  Its response also included a copy of the note.  *See* Compl. Ex. F.  Plaintiff disagrees with Chase's conclusion, but there is no indication that she was harmed by Chase's failure to respond in a timely manner.  Rather, it appears that the threat of foreclosure was a consequence of Plaintiff's failure to make scheduled loan payments.  The Court therefore concludes that the RESPA claim must be dismissed.

**B. Fraud**

Plaintiff alleges that Chase committed fraud in connection with the mortgage lending process.  *See* Am. Compl. at 4.  Fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b).  "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)).  Plaintiff refers to the letters from Chase indicating that it required more time to respond to her QWR.  *See* Am. Compl. at 4 (citing Am. Compl. Ex. B).  It is not clear what statement in those letters was allegedly false.  The Court believes that Plaintiff takes issue with Chase's response to her request, in which it affirmed that the debt is legally enforceable.  *See* Am. Compl. Ex. F.  Assuming that Plaintiff were correct in asserting that the debt is unenforceable,[3] there is no

---

[3] The Court addresses the merits of this claim below.

indication that Chase was aware that its statement was false.  Under Michigan law, a fraud claim requires that when the defendant made the false statement, he knew that it was false or made it recklessly without any knowledge of its truth.  *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (Mich. 1976).  Chase attached to its response the promissory note signed by Plaintiff, and apparently concluded that this note was valid.  There is no indication here that Chase knowingly or recklessly made false statements to Plaintiff.  Moreover, Plaintiff has not alleged facts from which it could be inferred that Plaintiff reasonably relied upon a false statement to her detriment.  To plead a claim of fraud, the plaintiff must indicate that she reasonably relied upon the allegedly false statement.  *Id.* at 336, 247 N.W.2d at 816.

The Amended Complaint also refers to documents submitted to the register of deeds.  *See* Am. Compl. at 4 (citing Am. Compl. Exs. G, H).  The first is an assignment of the mortgage that Plaintiff contends was "robo-signed."  Plaintiff lacks standing to challenge this assignment.  "[T]here is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment."  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102-03 (6th Cir. 2010) (internal quotation marks omitted).  Thus, even if the document were "robo-signed" as Plaintiff suggests, it cannot give rise to an actionable fraud claim.  The second document cited by Plaintiff includes two pages.  The first page bears the stamp and signature of notary Starlene Starling.  The second page appears to be Starling's notary commission.  *See* Am. Compl. Ex. H at 1-2.  Although Plaintiff alleges that Ms. Starling also notarized documents in her case, it is not at all clear what relevance these documents

7

have to Plaintiff's fraud claim.  To the extent that Plaintiff alleges that the documents were "robo-signed," the Court notes that she has not indicated how she relied upon the allegedly defective notarization.  Absent a showing of reasonable reliance on the misrepresentation, Plaintiff's fraud claim fails as a matter of law.  *See Hi-Way Motor Co.*, 398 Mich. at 336, 247 N.W.2d at 816.

## C. Breach of Contract

The Court believes that Plaintiff asserts a breach of contract claim based on Chase's alleged promise to modify her loan.  Chase argues that this claim is barred by Michigan's statute of frauds, which provides that an action shall not be brought against a financial institution to modify a loan unless the promise is "in writing and signed with an authorized signature by the financial institution."  Michigan Compiled Laws § 566.132(2).  Plaintiff points to a letter from Chase dated October 30, 2011, outlining the terms of a permanent loan modification.[4]  This letter clearly indicates on the final page where Chase's representative is to sign the agreement, but bears no signature.  *See* Pl.'s Resp. Br. Ex. 6. Accordingly, this document cannot satisfy the requirement of the statute of frauds.  Nor can the oral statements of Chase employees satisfy the statute, as the promise must be "in writing."  Michigan Compiled Laws § 566.132(2).  The Court concludes that absent a signed, written promise to modify Plaintiff's loan, her breach of contract claim is barred.

## D. Lack of Standing to Foreclose on the Mortgage

---

[4] Although this letter is not part of the Amended Complaint and the Amended Complaint appears to only refer to an oral promise of loan modification, the Court considers it because if it were to satisfy the requirements of the statute of frauds, leave to amend might be appropriately granted.

Plaintiff asserts that Chase lacks standing to foreclose on the mortgage because it is the servicer, rather than the owner, of her loan.  Am. Compl. at 2.  A party may foreclose by advertisement, however, if it is "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage *or the servicing agent of the mortgage*."  Michigan Compiled Laws § 600.3204(1)(d).  Therefore, Chase need not have purchased the loan from another lender.  Its status as servicer of the loan is sufficient to permit foreclosure by advertisement under Michigan law.  Because Plaintiff has not set forth a basis upon which the Court could find that Chase lacks standing to foreclose, this claim must be dismissed.

**E. Validity of the Debt**

Plaintiff asserts several challenges to the validity of the debt.  First, she argues that she received only $5,000 of the $115,000 principal balance as part of the loan transaction.  According to Plaintiff, this $5,000 was a home improvement loan.  Pl.'s Resp. Br. at 1.  Plaintiff's response also indicates, however, that this loan actually refinanced a previous loan.  *Id.*  Plaintiff does not suggest that the existing loan was not paid off using the proceeds from the refinancing loan.  The refinancing loan can be valid even if its proceeds were not paid directly to Plaintiff.  If the loan was used to satisfy another of Plaintiff's obligations, she received the benefit of the loan proceeds, and the loan contract may be enforceable.

Plaintiff contends that the debt was satisfied because Chase failed to respond to her "Notice of International Commercial Claim in Admiralty Administrative Remedy," in which she asserts that the debt is invalid.  Pl.'s Resp. Br. 1.  In this confusing document, Plaintiff asserts that Chase's failure to respond within ten days constitutes acquiescence to

9

satisfaction of the debt.  *See* Pl.'s Resp. Br. Ex. 4.  The Court is not aware of any legal authority providing the remedy named by Plaintiff.  Nor does the Court believe that her loan and mortgage have any relation to an "international commercial claim" or admiralty law.  *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23-24, 125 S. Ct. 385, 392-93 (2004) (explaining how to ascertain whether a contract arises under maritime or admiralty law).  For this reason, this Court has previously rejected attempts by plaintiffs to rely on such notices to invalidate mortgage loans.  *See TerMarsch v. Homeq Servicing Corp.*, No. 05-73137, 2006 U.S. Dist. LEXIS 13258, at *4-5 (E.D. Mich. Mar. 13, 2006).  The Court disagrees with Plaintiff's contention that Chase's failure to respond to her notice resulted in the satisfaction of her debt.

Plaintiff also contends that the debt is invalid under House Joint Resolution 192, which was passed in 1933 to suspend the gold standard for money in the United States. *See* Am. Compl. Ex. K at 11-12.  Plaintiff has failed to identify a debt that would violate this Resolution, as her promissory note does not require payment in gold.  Plaintiff asserts that after the passage of House Joint Resolution 192, "no one in America has been able to lawfully pay a debt."  *Id.* at 11.  She provides no legal authority for this conclusion, and the Court believes that her claim is groundless.

## F. Conclusion

The Court has considered each of Plaintiff's claims against Chase, and concludes that the Amended Complaint fails to state a plausible claim for relief.  For this reason, the claims against Chase are dismissed pursuant to Rule 12(b)(6).

### IV. Trott's Motion to Dismiss

Trott has also moved to dismiss Plaintiff's claims.  The only allegations concerning Trott relate to Trott's representation of Chase in foreclosure proceedings.  *See* Am. Compl. at 9.  The Amended Complaint first asserts that Trott procured a fraudulent signature on an assignment of the mortgage.  *Id.*  To the extent that Plaintiff seeks to challenge the validity of this assignment, the Court has already concluded that her claim is barred.  *See Livonia Props. Holdings, LLC*, 399 F. App'x at 102-03.

Plaintiff further alleges that Trott conducted "an illegal foreclosure action against Plaintiff for the servicer," and is therefore guilty of fraud.  Am. Compl. at 9.  Trott argues that Plaintiff has no valid claim against the attorneys representing the mortgagee and its servicer.  "Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for negligent conduct." *Friedman v. Dozorc*, 412 Mich. 1, 22, 312 N.W.2d 585, 591 (Mich. 1981).  "Assuming that an attorney has an obligation to his client to conduct a reasonable investigation prior to bringing an action, that obligation is not the functional equivalent of a duty of care owed to the client's adversary."  *Id.* at 22-23, 312 N.W.2d at 591.  "[C]ourts have been reluctant to allow actions by third parties against attorneys, who were engaged in the representation of their clients, because of 'the potential for conflicts of interest that could seriously undermine counsel's duty of loyalty to the client.'"  *Edwards v. Std. Fed. Bank, N.A.*, No. 08-12146, 2009 U.S. Dist. LEXIS 2590, at *11 (E.D. Mich. Jan. 14, 2009) (quoting *Beaty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 254, 571 N.W.2d 716, 720 (Mich. 1997)).  Trott represented Chase in foreclosure proceedings, and this representation could certainly be considered adverse to Plaintiff's interests.  The Court concludes that

11

Trott owed no duty of care to Plaintiff, and thus, she cannot assert a negligence claim.[5]

Plaintiff's claim also fails under a fraud theory, as it cannot be said that she reasonably

relied on statements made by Trott's counsel.  *See Hi-Way Motor Co.*, 398 Mich. at 336,

247 N.W.2d at 816.  The Court therefore concludes that the claims against Trott must be

dismissed.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Chase's motion to dismiss pursuant to Rule 12(b)(6) is

**GRANTED**;

**IT IS FURTHER ORDERED** that Trott's motion to dismiss pursuant to Rule

12(b)(6) is **GRANTED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Vonzcille Johnson
18491 Indiana
Detroit, MI 48221
Anna K. Witkowska, Esq.
Joseph H. Hickey, Esq.
Michael J. Blalock, Esq.
Samantha L. Walls, Esq.

---

[5] An exception to the general rule has been recognized where a special relationship exists
between the attorney and the third party.  *See Beaty*, 456 Mich. at 254, 571 N.W.2d at 720
(special relationship between insurer, the insured, and the insured's counsel is sufficient
to establish a duty of care).  The facts in this case, however, do not indicate any special
relationship between Plaintiff and Trott.